UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEVEN BRAUNSTEIN,

        Plaintiff,

v.

                                    Case No.

MARSH LANDING COMMUNITY
ASSOCIATION AT ESTERO, INC., TOWNE
PROPERTIES ASSET MANAGEMENT
COMPANY, ALLIANCE CAS, LLC and
FLORIDA COMMUNITY LAW GROUP, P.L.,

        Defendants.

_____/

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, STEVEN BRAUNSTEIN (hereinafter referred to as "Mr. Braunstein" or "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendants, MARSH LANDING COMMUNITY ASSOCIATION AT ESTERO, INC., TOWNE PROPERTIES ASSET MANAGEMENT COMPANY, ALLIANCE CAS, LLC and FLORIDA COMMUNITY LAW GROUP, P.L. (hereinafter collectively referred to as "Defendants"), for damages and alleges in support thereof:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendant state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq.*, in their illegal efforts to collect a consumer debt from Plaintiff.

3.    Venue is proper in this District because the acts and transactions occurred here and Defendant transacts business here.

## PARTIES

4.    Plaintiff, Mr. Braunstein, is a natural person who resides in Lee County, Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.    Defendant, Marsh Landing Community Association at Estero, Inc. (hereinafter "Marsh Landing"), is a Florida non-profit corporation that maintains its principal place of business at 22901 Marsh Landing Boulevard, Estero, FL 33928.

6.    Defendant, Towne Properties Asset Management Company (hereinafter "Towne Properties"), is an Ohio profit corporation that maintains its principal place of business at 1055 St. Paul Place, Cincinnati, OH 45202 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).  More specifically:

    a.  Towne Properties is principally engaged in the business of collecting debts;

    b.  Towne Properties regularly collects debts owed or due or asserted to be owed or due to another; and

    c.  Towne Properties uses the United States postal service and telephones in connection with its debt collection business.

7.    Defendant, Alliance CAS, LLC (hereinafter "Alliance"), is a Delaware limited liability company that maintains its principal place of business at 1855 Griffin Road, Suite A-407, Dania Beach, FL 33004 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).  More specifically:

    a.  Alliance is principally engaged in the business of collecting debts;

    b.   Alliance regularly collects debts owed or due or asserted to be owed or due to another; and

    c.   Alliance uses the United States postal service and telephones in connection with its debt collection business.

8.    Defendant, Florida Community Law Group, P.L. (hereinafter "FCLG"), is a Florida limited liability company that maintains its principal place of business at 1855 Griffin Road, Suite A-423, Dania Beach, FL 33004 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). More specifically:

    a.   FCLG is principally engaged in the business of collecting debts;

    b.   FCLG regularly collects debts owed or due or asserted to be owed or due to another; and

    c.   FCLG uses the United States postal service and telephones in connection with its debt collection business.

## FACTUAL ALLEGATIONS

### *The Debt and Bankruptcy*

9.    On or about May 2006, Mr. Braunstein purchased residential property located at 23025 Marsh Landing Boulevard, Estero, FL 33928 (hereinafter the "Subject Property") which he used as his homestead.

10.    As the Subject Property is governed by Marsh Landing, a community association, Mr. Braunstein incurred an obligation to pay period dues to Marsh Landing by virtue of his purchase of the Subject Property.

11.    Because Mr. Braunstein purchased the Subject Property with the intent to use it as his personal residence, the obligation incurred to Marsh Landing at that time (hereinafter the

"Debt") is "consumer debt" as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(6).

12.    Marsh Landing engaged the services of two debt collectors to collect the Debt from Mr. Braunstein, specifically, Towne Properties and Alliance.

13.    Subsequent to incurring the Debt, Mr. Braunstein allegedly became delinquent on payments, and the alleged Debt went into default.

14.    On March 22, 2013, Mr. Braunstein sought relief from his obligations by filing a voluntary Chapter 13 bankruptcy petition with the United States Bankruptcy Court for the Middle District of Florida, Fort Myers Division, case no. 9:13-bk-03590-FMD.  *See* **Exhibit "A"** attached hereto.

15.    Marsh Landing was listed as a creditor in Mr. Braunstein's bankruptcy schedules and the creditor mailing matrix filed with same.  *See* **Composite Exhibit "B"** attached hereto.

16.    Marsh Landing, as a creditor in Mr. Braunstein's bankruptcy, was duly notified of the bankruptcy filing, and all subsequent bankruptcy notices.  *See* **Exhibit "C"** attached hereto.

### *The Alleged Default*

17.    Because Mr. Braunstein filed his bankruptcy case on March 22, 2013, and Marsh Landing charged association dues on a quarterly basis, Mr. Braunstein was allegedly responsible for paying pro-rated dues for the first quarter of 2013, representing the amount of dues incurred between March 22, 2013 and the end of the first quarter.

18.    Accordingly, Marsh Landing charged Mr. Braunstein a sum total of $37.53 for the pro-rated first quarter dues post-petition.  *However, no Defendant informed Mr. Braunstein or his bankruptcy counsel of this minor pro-rated charge.*

19.    As a result, Mr. Braunstein continued to faithfully and timely pay all periodic and special assessments that came due, completely unaware that the Debt was now considered to be in default, and further unaware that he was continuously being charged late fees, collection fees and interest associated with the $37.53 pro-rated first quarter dues.

20.    Defendants continued to assert that Mr. Braunstein was in default on the Debt *without ever explaining how*, leading to Alliance sending a Notice of Intent to Record a Claim of Lien (hereinafter the "Notice of Intent") on behalf of Marsh Landing on May 24, 2018, which demanded a total outstanding balance of $7,678.92.  *See* **Exhibit "D"** attached hereto.

21.    Subsequently, Marsh Landing filed a Claim of Lien (hereinafter the "Claim of Lien") in the amount of $2,923.53 against the Subject Property on or about July 27, 2018.  *See* **Exhibit "E"** attached hereto.

22.    The Claim of Lien was prepared and executed by Marsh Landing's attorney, FCLG.  *See* Exhibit "E".

### *Improper Charges*

23.    In 2018, Towne Properties, on behalf of Marsh Landing, sent correspondence to Mr. Braunstein indicating that he was to correct certain issues with respect to the condition of the Subject Property.  *See* **Exhibit "F"** attached hereto.  To wit, Mr. Braunstein was to remove a large tree stump from the Subject Property.

24.    Mr. Braunstein hired someone to perform this removal, who did in fact remove the tree stump from the Subject Property.

25.    Mr. Braunstein paid for this service himself.  Marsh Landing, Towne Properties, and Alliance all had knowledge of this fact by virtue of their constant monitoring of the

Subject Property.

26.    Nevertheless, Marsh Landing, through Towne Properties, sent correspondence to Mr. Braunstein indicating that he owed $2,400.00 to Marsh Landing in connection with labor and services for removal of the tree stump from the Subject Property.  *See* **Exhibit "G"** attached hereto.

27.    Correspondence sent by Towne Properties on behalf of Marsh Landing also included charges for allegedly past due association fees, which Mr. Braunstein did not owe because he had paid already paid them.  *See* Exhibit "G".

### *The State Court Lawsuit*

28.    On September 28, 2018, FCLG, on behalf Marsh Landing, filed a lawsuit (hereinafter the "Lawsuit") in the County Court for Lee County, Florida seeking to recover the Debt.  *See* **Exhibit "H"** attached hereto.

29.    In the Lawsuit, FCLG, on behalf of Marsh Landing, requests that the court foreclose the Claim of Lien "[i]f the sums due Plaintiff are not paid immediately[.]"  *See* Exhibit "H".

30.    The Lawsuit includes a page which states:

> **NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT ("THE ACT") 15 U.S.C. SECTION 1601, AS AMENDED**
>
> 1.    This law firm may be deemed a "debt collector" under the Fair Debt Collection Practices Act.  Any and all information obtained during the prosecution of this lawsuit may be used for all purposes of collecting a debt.

*See* Exhibit "H".

31.    Included in the amount sought in the Lawsuit were numerous "Late Fees", "Collection Fees" and interest that were charged to Mr. Braunstein only because Defendants all failed and refused to notify Mr. Braunstein of the $37.53 for the pro-rated first quarter dues that

he had not paid post-bankruptcy.

32. Also included in the amount sought in the Lawsuit was an amount charged for removal of the tree stump from the Subject Property in September 2018.

33. As Mr. Braunstein paid for removal of the tree stump from the Subject Property himself, the charges assessed by Marsh Landing, which all Defendants attempted to enforce, and which FCLG and Marsh landing sought to recover in the Lawsuit, were not actually owed by Mr. Braunstein.

34. On January 4, 2019, FCLG, on behalf of Marsh Landing, filed a Motion for Summary Judgment (hereinafter the "Motion") in the Lawsuit. *See* **Exhibit "I"** attached hereto.

35. The Motion specifically requested the court grant "Final Summary Judgment for *damages*, plus costs and reasonable attorney's fees[.]" *See* Exhibit "I" (*emphasis added*).

36. The affidavit of indebtedness filed with the Motion specifically alleges:

> The current amount due [by Mr. Braunstein], including all regular maintenance assessments, plus special assessments, plus administrative fees, plus late fees, plus collection fees, plus interest, less any partial payments applied pursuant to Florida Statute 720.3085(3) is $12,493.17 through December 20, 2018, plus costs and expenses of collection, plus attorney's fees.

*See* Exhibit "I" (underline in original).

### *Illegal Communications with Debtor*

37. On February 28, 2019, the undersigned filed a Notice of Appearance on behalf of Mr. Braunstein in the Lawsuit, and provided Marsh Landing, through its counsel, FCLG, with a copy of same. *See* **Exhibit "J"** attached hereto.

38. However, despite knowledge that Mr. Braunstein was represented by an attorney with respect to the Debt, Marsh Landing continued to communicate with Mr. Braunstein directly in an attempt to collect the Debt. *See* **Composite Exhibit "K"** attached hereto.

39.     Additionally, Marsh Landing discontinued Mr. Braunstein's community amenities, including access to the community, in an attempt to collect the Debt. *See* Composite Exhibit "K".

### *Violations and Damages*

40.     The above-referenced acts and omissions constitute various violations of the FDCPA and FCCPA.

41.     Mr. Braunstein has been severely agitated, annoyed, traumatized, emotionally damaged and has otherwise been unduly inconvenienced by the actions of the Defendants.

42.     Mr. Braunstein has suffered further actual damages as a result of Defendants' conduct in that he was forced to hire an attorney to oppose the Defendants' improper debt collection efforts in the Lawsuit.

### COUNT I
### VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### AGAINST MARSH LANDING
### Fla. Stat. § 559.72(9)

43.     Mr. Braunstein incorporates by reference 1 – 41 of the paragraphs of this Verified Complaint as though fully stated herein.

44.     The foregoing acts and omissions of Defendant Marsh Landing constitute violations of the FCCPA.

45.     Marsh Landing violated Fla. Stat. § 559.72(9), which provides that a debt collector may not "[c]laim, attempts, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

46.     Marsh Landing violated § 559.72(9) by asserting a legal right to be paid by Mr. Braunstein for removal of the tree stump from the Subject Property, which right did not exist because Mr. Braunstein had actually paid to have such work done himself.

47.     As a direct and proximate result of Marsh Landing's actions in violation of said statute, Mr. Braunstein has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

48.     Mr. Braunstein has suffered further actual damages as a result of Marsh Landing's conduct in that that he was forced to hire an attorney to oppose the improper collection efforts in the Lawsuit.

49.     Mr. Braunstein has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of § 559.72(9).  Accordingly, Mr. Braunstein seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to Fla. Stat. § 559.77(2).

**COUNT II**
**VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**
**AGAINST MARSH LANDING**
**Fla. Stat. § 559.72(9)**

50.     Mr. Braunstein incorporates by reference 1 – 41 of the paragraphs of this Verified Complaint as though fully stated herein.

51.     The foregoing acts and omissions of Defendant Marsh Landing constitute violations of the FCCPA.

52.     Marsh Landing violated Fla. Stat. § 559.72(9), which provides that a debt collector may not "[c]laim, attempts, or threaten to enforce a debt when such person knows that the debt

is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

53. Marsh Landing violated § 559.72(9) by asserting a legal right to be paid by Mr. Braunstein for certain association fees, which right did not exist because Mr. Braunstein had already paid them at the time of Marsh Landing's demand.

54. As a direct and proximate result of Marsh Landing's actions in violation of said statute, Mr. Braunstein has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

55. Mr. Braunstein has suffered further actual damages as a result of Marsh Landing's conduct in that that he was forced to hire an attorney to oppose the improper collection efforts in the Lawsuit.

56. Mr. Braunstein has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of § 559.72(9).  Accordingly, Mr. Braunstein seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to Fla. Stat. § 559.77(2).

## COUNT III
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
## AGAINST MARSH LANDING
### Fla. Stat. § 559.72(9)

57. Mr. Braunstein incorporates by reference 1 – 41 of the paragraphs of this Verified Complaint as though fully stated herein.

58. The foregoing acts and omissions of Defendant Marsh Landing constitute violations of the FCCPA.

59.    Marsh Landing violated Fla. Stat. § 559.72(9), which provides that a debt collector may not "[c]laim, attempts, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

60.    Marsh Landing violated § 559.72(9) by asserting a legal right to deny Mr. Braunstein community amenities in an attempt to collect the Debt, which right Marsh Landing knew did not exist because the Debt sought to be collected included charges not legitimately owed by Mr. Braunstein.

61.    As a direct and proximate result of Marsh Landing's actions in violation of said statute, Mr. Braunstein has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

62.    Mr. Braunstein has suffered further actual damages as a result of Marsh Landing's conduct in that that he was forced to hire an attorney to oppose the improper collection efforts in the Lawsuit.

63.    Mr. Braunstein has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of § 559.72(9).  Accordingly, Mr. Braunstein seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to Fla. Stat. § 559.77(2).

**COUNT IV**
**VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**
**AGAINST MARSH LANDING**
**Fla. Stat. § 559.72(18)**

64.    Mr. Braunstein incorporates by reference 1 – 41 of the paragraphs of this Verified Complaint as though fully stated herein.

65.    The foregoing acts and omissions of Defendant Marsh Landing constitute violations of the FCCPA.

66.    Marsh Landing violated Fla. Stat. § 559.72(18), which provides that a debt collector may not "[c]ommunicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's" contact information.

67.    Marsh Landing violated § 559.72(18) by sending correspondence directly to Mr. Braunstein in an attempt to collect the Debt, after being informed that Mr. Braunstein had retained an attorney to represent him with respect to the Debt.  *See* Composite Exhibit "K".

68.    As a direct and proximate result of Marsh Landing's actions in violation of said statute, Mr. Braunstein has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

69.    Mr. Braunstein has suffered further actual damages as a result of Marsh Landing's conduct in that that he was forced to hire an attorney to oppose the improper collection efforts in the Lawsuit.

70.    Mr. Braunstein has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of § 559.72(9).  Accordingly, Mr. Braunstein seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to Fla. Stat. § 559.77(2).

## COUNT V
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## AGAINST TOWNE PROPERTIES
## 15 U.S.C. § 1692e(2)(A)

71.    Mr. Braunstein incorporates by reference 1 – 41 of the paragraphs of this Verified Complaint as though fully stated herein.

72.    The foregoing acts and omissions of Defendant Towne Properties constitute violations of the FDCPA.

73.    Towne Properties violated 15 U.S.C. § 1692e(2)(A), which prohibits "[t]he false representation of […] the character, amount, or legal status of any debt" in an attempt to collect.

74.    Towne Properties violated § 1692e(2)(A) by falsely representing to Mr. Braunstein that he owed specific amounts for association fees, which included amounts Mr. Braunstein had already paid and thus did not actually owe.

75.    As a direct and proximate result of Towne Properties' actions in violation of said statute, Mr. Braunstein has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

76.    Mr. Braunstein has suffered further actual damages as a result of Towne Properties' conduct in that that he was forced to hire an attorney to oppose the improper collection efforts in the Lawsuit.

77.    Mr. Braunstein has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692e(2)(A).  Accordingly, Mr. Braunstein seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

**COUNT VI**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**AGAINST TOWNE PROPERTIES**
**15 U.S.C. § 1692e(2)(A)**

78.   Mr. Braunstein incorporates by reference 1 – 41 of the paragraphs of this Verified Complaint as though fully stated herein.

79.   The foregoing acts and omissions of Defendant Towne Properties constitute violations of the FDCPA.

80.   Towne Properties violated 15 U.S.C. § 1692e(2)(A), which prohibits "[t]he false representation of […] the character, amount, or legal status of any debt" in an attempt to collect.

81.   Towne Properties violated § 1692e(2)(A) by falsely representing to Mr. Braunstein that he owed money for removal of the tree stump from the Subject Property, which Mr. Braunstein did not owe because he had actually paid to have such work done himself.

82.   As a direct and proximate result of Towne Properties' actions in violation of said statute, Mr. Braunstein has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

83.   Mr. Braunstein has suffered further actual damages as a result of Towne Properties' conduct in that that he was forced to hire an attorney to oppose the improper collection efforts in the Lawsuit.

84.   Mr. Braunstein has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692e(2)(A).  Accordingly, Mr. Braunstein seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## COUNT VII
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### AGAINST TOWNE PROPERTIES
### 15 U.S.C. § 1692e(10)

85.    Mr. Braunstein incorporates by reference 1 – 41 of the paragraphs of this Verified Complaint as though fully stated herein.

86.    The foregoing acts and omissions of Defendant Towne Properties constitute violations of the FDCPA.

87.    Towne Properties violated 15 U.S.C. § 1692e(10), which provides that a debt collector may not use "any false representation or deceptive means to collect or attempt to collect any debt" in furtherance of its attempts to collect.

88.    Towne Properties violated § 1692e(10) by falsely representing to Mr. Braunstein that he owed specific amounts for association fees, which included amounts Mr. Braunstein had already paid and thus did not actually owe.

89.    As a direct and proximate result of Towne Properties' actions in violation of said statute, Mr. Braunstein has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

90.    Mr. Braunstein has suffered further actual damages as a result of Towne Properties' conduct in that that he was forced to hire an attorney to oppose the improper collection efforts in the Lawsuit.

91.    Mr. Braunstein has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692e(10).  Accordingly, Mr. Braunstein seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

**COUNT VIII**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**AGAINST TOWNE PROPERTIES**
**15 U.S.C. § 1692e(10)**

92.     Mr. Braunstein incorporates by reference 1 – 41 of the paragraphs of this Verified Complaint as though fully stated herein.

93.     The foregoing acts and omissions of Defendant Towne Properties constitute violations of the FDCPA.

94.     Towne Properties violated 15 U.S.C. § 1692e(10), which provides that a debt collector may not use "any false representation or deceptive means to collect or attempt to collect any debt" in furtherance of its attempts to collect.

95.     Towne Properties violated § 1692e(10) by falsely representing to Mr. Braunstein that he owed money for removal of the tree stump from the Subject Property, which Mr. Braunstein did not owe because he had actually paid to have such work done himself.

96.     As a direct and proximate result of Towne Properties' actions in violation of said statute, Mr. Braunstein has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

97.     Mr. Braunstein has suffered further actual damages as a result of Towne Properties' conduct in that that he was forced to hire an attorney to oppose the improper collection efforts in the Lawsuit.

98.     Mr. Braunstein has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692e(10).  Accordingly, Mr. Braunstein seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

### COUNT IX
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### AGAINST TOWNE PROPERTIES
### 15 U.S.C. § 1692f

99. Mr. Braunstein incorporates by reference 1 – 41 of the paragraphs of this Verified Complaint as though fully stated herein.

100. The foregoing acts and omissions of Defendant Towne Properties constitute violations of the FDCPA.

101. Towne Properties violated 15 U.S.C. § 1692f, which provides that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt" in furtherance of its attempts to collect.

102. Towne Properties violated § 1692f by unfairly and unconscionably claiming to Mr. Braunstein that he owed specific amounts for association fees, which included amounts Mr. Braunstein had already paid and thus did not actually owe.

103. As a direct and proximate result of Towne Properties' actions in violation of said statute, Mr. Braunstein has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

104. Mr. Braunstein has suffered further actual damages as a result of FCLG's conduct in that that he was forced to hire an attorney to oppose the improper collection efforts in the Lawsuit.

105. Mr. Braunstein has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692f. Accordingly, Mr. Braunstein seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## COUNT X
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## AGAINST TOWNE PROPERTIES
## 15 U.S.C. § 1692f

106.    Mr. Braunstein incorporates by reference 1 – 41 of the paragraphs of this Verified Complaint as though fully stated herein.

107.    The foregoing acts and omissions of Defendant Towne Properties constitute violations of the FDCPA.

108.    Towne Properties violated 15 U.S.C. § 1692f, which provides that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt" in furtherance of its attempts to collect.

109.    Towne Properties violated § 1692f by unfairly and unconscionably representing to Mr. Braunstein that he owed money for removal of the tree stump from the Subject Property, which Mr. Braunstein did not owe because he had actually paid to have such work done himself.

110.    As a direct and proximate result of Towne Properties' actions in violation of said statute, Mr. Braunstein has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

111.    Mr. Braunstein has suffered further actual damages as a result of FCLG's conduct in that that he was forced to hire an attorney to oppose the improper collection efforts in the Lawsuit.

112.    Mr. Braunstein has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692f.  Accordingly, Mr.

Braunstein seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

## COUNT XI
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## AGAINST TOWNE PROPERTIES
## 15 U.S.C. § 1692f(10)

113.   Mr. Braunstein incorporates by reference 1 – 41 of the paragraphs of this Verified Complaint as though fully stated herein.

114.   The foregoing acts and omissions of Defendant Towne Properties constitute violations of the FDCPA.

115.   Towne Properties violated 15 U.S.C. § 1692f, which provides that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt" in furtherance of its attempts to collect.

116.   Towne Properties violated § 1692f by continually concealing the basis of the alleged default and failing and refusing to inform Mr. Braunstein of same, leading to excessive late fees, collection costs and interest, which conduct is deceptive.

117.   As a direct and proximate result of Towne Properties' actions in violation of said statute, Mr. Braunstein has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

118.   Mr. Braunstein has suffered further actual damages as a result of Towne Properties' conduct in that that he was forced to hire an attorney to oppose the improper collection efforts in the Lawsuit.

119.   Mr. Braunstein has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692f.  Accordingly, Mr.

Braunstein seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

**COUNT XII**
**VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**
**AGAINST TOWNE PROPERTIES**
**Fla. Stat. § 559.72(9)**

120.  Mr. Braunstein incorporates by reference 1 – 41 of the paragraphs of this Verified Complaint as though fully stated herein.

121.  The foregoing acts and omissions of Defendant Towne Properties constitute violations of the FCCPA.

122.  Towne Properties violated Fla. Stat. § 559.72(9), which provides that a debt collector may not "[c]laim, attempts, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

123.  Towne Properties violated § 559.72(9) by asserting a legal right to be paid by Mr. Braunstein for certain association fees, which right did not exist because Mr. Braunstein had already paid them at the time of Towne Properties' demand.

124.  As a direct and proximate result of Towne Properties' actions in violation of said statute, Mr. Braunstein has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

125.  Mr. Braunstein has suffered further actual damages as a result of Towne Properties' conduct in that that he was forced to hire an attorney to oppose the improper collection efforts in the Lawsuit.

126.    Mr. Braunstein has incurred costs, expenses and reasonable attorney's fees which would

    not have been incurred but for the violation of § 559.72(9).  Accordingly, Mr. Braunstein

    seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to

    Fla. Stat. § 559.77(2).

## COUNT XIII
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
## AGAINST TOWNE PROPERTIES
## Fla. Stat. § 559.72(9)

127.    Mr. Braunstein incorporates by reference 1 – 41 of the paragraphs of this Verified

    Complaint as though fully stated herein.

128.    The foregoing acts and omissions of Defendant Towne Properties constitute violations of

    the FCCPA.

129.    Towne Properties violated Fla. Stat. § 559.72(9), which provides that a debt collector

    may not "[c]laim, attempts, or threaten to enforce a debt when such person knows that the

    debt is not legitimate, or assert the existence of some other legal right when such person

    knows that the right does not exist."

130.    Towne Properties violated § 559.72(9) by asserting a legal right to be paid by Mr.

    Braunstein for removal of the tree stump from the Subject Property, which right did not

    exist because Mr. Braunstein had actually paid to have such work done himself.

131.    As a direct and proximate result of Towne Properties' actions in violation of said statute,

    Mr. Braunstein has suffered statutory and actual damages, including but not limited to,

    mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation

    and depression.

132.    Mr. Braunstein has suffered further actual damages as a result of Towne Properties' conduct in that that he was forced to hire an attorney to oppose the improper collection efforts in the Lawsuit.

133.    Mr. Braunstein has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of § 559.72(9).  Accordingly, Mr. Braunstein seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to Fla. Stat. § 559.77(2).

**COUNT XIV**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**AGAINST ALLIANCE**
**15 U.S.C. § 1692f(10)**

134.    Mr. Braunstein incorporates by reference 1 – 41 of the paragraphs of this Verified Complaint as though fully stated herein.

135.    The foregoing acts and omissions of Defendant Alliance constitute violations of the FDCPA.

136.    Alliance violated 15 U.S.C. § 1692f, which provides that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt" in furtherance of its attempts to collect.

137.    Alliance violated § 1692f by continually concealing the basis of the alleged default and failing and refusing to inform Mr. Braunstein of same, leading to excessive late fees, collection costs and interest, which conduct is deceptive.

138.    As a direct and proximate result of Alliance's actions in violation of said statute, Mr. Braunstein has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

139.   Mr. Braunstein has suffered further actual damages as a result of Alliance's conduct in that that he was forced to hire an attorney to oppose the improper collection efforts in the Lawsuit.

140.   Mr. Braunstein has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692f.  Accordingly, Mr. Braunstein seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

**COUNT XV**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**AGAINST FCLG**
**15 U.S.C. § 1692e(2)(A)**

141.   Mr. Braunstein incorporates by reference 1 – 41 of the paragraphs of this Verified Complaint as though fully stated herein.

142.   The foregoing acts and omissions of Defendant FCLG constitute violations of the FDCPA.

143.   FCLG violated 15 U.S.C. § 1692e(2)(A), which prohibits "[t]he false representation of […] the character, amount, or legal status of any debt" in an attempt to collect.

144.   FCLG violated § 1692e(2)(A) by falsely representing to Mr. Braunstein and to the Lee County Court in the pleadings and papers filed in the Lawsuit that Mr. Braunstein owed specific amounts that included charges for removal of the tree stump from the Subject Property, which Mr. Braunstein did not actually owe.

145.   As a direct and proximate result of FCLG's actions in violation of said statute, Mr. Braunstein has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

146.    Mr. Braunstein has suffered further actual damages as a result of FCLG's conduct in that that he was forced to hire an attorney to oppose the improper collection efforts in the Lawsuit.

147.    Mr. Braunstein has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692e(2)(A).  Accordingly, Mr. Braunstein seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

**COUNT XVI**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**AGAINST FCLG**
**15 U.S.C. § 1692e(10)**

148.    Mr. Braunstein incorporates by reference 1 – 41 of the paragraphs of this Verified Complaint as though fully stated herein.

149.    The foregoing acts and omissions of Defendant FCLG constitute violations of the FDCPA.

150.    FCLG violated 15 U.S.C. § 1692e(10), which provides that a debt collector may not use "any false representation or deceptive means to collect or attempt to collect any debt" in furtherance of its attempts to collect.

151.    FCLG violated § 1692e(10) by falsely representing to Mr. Braunstein and to the Lee County Court in the pleadings and papers filed in the Lawsuit that Mr. Braunstein owed specific amounts that included charges for removal of the tree stump from the Subject Property, which Mr. Braunstein did not actually owe.

152.    As a direct and proximate result of FCLG's actions in violation of said statute, Mr. Braunstein has suffered statutory and actual damages, including but not limited to, mental

and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

153. Mr. Braunstein has suffered further actual damages as a result of FCLG's conduct in that that he was forced to hire an attorney to oppose the improper collection efforts in the Lawsuit.

154. Mr. Braunstein has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692e(10). Accordingly, Mr. Braunstein seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

**COUNT XVII**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**AGAINST FCLG**
**15 U.S.C. § 1692f**

155. Mr. Braunstein incorporates by reference 1 – 41 of the paragraphs of this Verified Complaint as though fully stated herein.

156. The foregoing acts and omissions of Defendant FCLG constitute violations of the FDCPA.

157. FCLG violated 15 U.S.C. § 1692f, which provides that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt" in furtherance of its attempts to collect.

158. FCLG violated § 1692f by unfairly and unconscionably claiming to Mr. Braunstein and to the Lee County Court in the pleadings and papers filed in the Lawsuit that Mr. Braunstein owed specific amounts that included charges for removal of the tree stump from the Subject Property, which Mr. Braunstein did not actually owe. *See* Exhibit "F".

159. As a direct and proximate result of FCLG's actions in violation of said statute, Mr. Braunstein has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

160. Mr. Braunstein has suffered further actual damages as a result of FCLG's conduct in that that he was forced to hire an attorney to oppose the improper collection efforts in the Lawsuit.

161. Mr. Braunstein has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692f.  Accordingly, Mr. Braunstein seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

**COUNT XVIII**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**AGAINST FCLG**
**15 U.S.C. § 1692f(10)**

162. Mr. Braunstein incorporates by reference 1 – 41 of the paragraphs of this Verified Complaint as though fully stated herein.

163. The foregoing acts and omissions of Defendant FCLG constitute violations of the FDCPA.

164. FCLG violated 15 U.S.C. § 1692f, which provides that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt" in furtherance of its attempts to collect.

165. FCLG violated § 1692f by concealing the basis of the alleged default, leading to excessive late fees, collection costs and interest, and then filing suit to collect same, which conduct is deceptive.

166.    As a direct and proximate result of FCLG's actions in violation of said statute, Mr. Braunstein has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

167.    Mr. Braunstein has suffered further actual damages as a result of FCLG's conduct in that that he was forced to hire an attorney to oppose the improper collection efforts in the Lawsuit.

168.    Mr. Braunstein has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692f.  Accordingly, Mr. Braunstein seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

**COUNT XIX**
**VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**
**AGAINST FCLG**
**Fla. Stat. § 559.75(9)**

169.    Mr. Braunstein incorporates by reference 1 – 41 of the paragraphs of this Verified Complaint as though fully stated herein.

170.    The foregoing acts and omissions of Defendant FCLG constitute violations of the FCCPA.

171.    FCLG violated Fla. Stat. § 559.72(9), which provides that a debt collector may not "[c]laim, attempts, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

172.    FCLG violated § 559.72(9) by asserting a legal right to be paid certain sums by Mr. Braunstein, including amounts for removal of the tree stump from the Subject Property,

which amounts were not actually owed, by virtue of preparing, executing and filing the Claim of Lien.

173.    As a direct and proximate result of FCLG's actions in violation of said statute, Mr. Braunstein has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

174.    Mr. Braunstein has suffered further actual damages as a result of FCLG's conduct in that that he was forced to hire an attorney to oppose the improper collection efforts in the Lawsuit.

175.    Mr. Braunstein has incurred costs, expenses and reasonable attorney's fees which would not have been incurred but for the violation of 15 U.S.C. § 1692f.  Accordingly, Mr. Braunstein seeks actual damages, statutory damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

**TRIAL BY JURY**

176.    Mr. Braunstein is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

**WHEREFORE**, the Plaintiff, STEVEN BRAUNSTEIN, having set forth his claims for relief against the Defendants, MARSH LANDING COMMUNITY ASSOCIATION AT ESTERO, INC., TOWNE PROPERTIES ASSET MANAGEMENT COMPANY, ALLIANCE CAS, LLC and FLORIDA COMMUNITY LAW GROUP, P.L., respectfully prays that the Court finds as follows:

a.     That the Plaintiff has and recovers against Defendants a sum to be determined by the Court in the form of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and Fla. Stat. § 559.77(2);

b.     That the Plaintiff has and recovers against Defendants a sum to be determined by the Court in the form of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and Fla. Stat. § 559.77(2);

c.     That the Plaintiff has and recovers against Defendants a sum to be determined by the Court in the form of punitive damages pursuant to Fla. Stat. § 559.77(2);

d.     That the Plaintiff has and recovers against all Defendants a sum to be determined by the Court in the form of attorneys' fees and costs pursuant to and 15 U.S.C. § 1692k(a)(3) and Fla. Stat. § 559.77;

e.     That the Defendants be enjoined from engaging in further improper collection conduct; and

f.     That the Plaintiff have such other and further relief as the Court may deem just and proper.

Dated:  September 24, 2019       THE DELLUTRI LAW GROUP, P.A.
                                 1436 Royal Palm Square Blvd
                                 Fort Myers, Florida 33919
                                 Phone: (239) 939-0900
                                 Fax: (239) 939-0588


                                 */s/ Joseph C. LoTempio*
                                 JOSEPH C. LOTEMPIO, ESQ.
                                 Florida Bar Number: 0086097
                                 jlotempio@DellutriLawGroup.com

                                 Secondary e-mails (electronic service only):
                                 Fla.ECF.DellutriLawGroup@gmail.com
                                 kmichie@DellutriLawGroup.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF _Florida_ )
                            ) ss
COUNTY OF _Lee_ )

Plaintiff, STEVEN BRAUNSTEIN, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
STEVEN BRAUNSTEIN

Subscribed and sworn to before me this _24ᵗʰ_ day of _Sept_, 20_19_ by STEVEN BRAUNSTEIN who:

☐ is personally known; or

☒ produced identification _FL DL # B652-797-65-003-0_

KATHRYN MICHIE
Commission # GG 299276
Expires May 10, 2023
Bonded Thru Troy Fain Insurance 800-385-7019

(SEAL)

_____
Notary Public

30