```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

STEVEN BRAUNSTEIN,

        Plaintiff,

v.                                  Case No:  2:19-cv-700-FtM-29MRM

MARSH   LANDING   COMMUNITY
ASSOCIATION AT ESTERO, INC.,
TOWNE   PROPERTIES   ASSET
MANAGEMENT   COMPANY,   and
ALLIANCE CAS, LLC,

        Defendants.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on review of defendant Towne Properties Asset Management Company's Motion to Dismiss Plaintiff's Amended Complaint (Doc. #56) filed on January 31, 2020. Plaintiff filed a Response in Opposition to Motion (Doc. #61) on February 14, 2020. For the reasons set forth below, the motion is denied.

**I.**

Count V of the Amended Complaint (Doc. #49) is the only claim against Towne Properties Asset Management Company (Towne).  In Count V, plaintiff seeks relief under the Florida Consumer Collection Practices Act (FCCPA).  Plaintiff alleges that Towne violated Fla. Stat. § 5593.72(9) by asserting a legal right to be

paid for the removal of a stump when plaintiff had paid for the tree stump removal. Towne's motion to dismiss alleges that the Amended Complaint fails to adequately allege that the violation was done with actual knowledge, an element of the statutory offense.

## II.

"In collecting consumer debts, no person shall . . . [c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9). "[T]he FCCPA requires a plaintiff to demonstrate that the debt collector defendant possessed *actual knowledge* that the threatened means of enforcing the debt was unavailable." LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1192 n.12 (11th Cir. 2010) (citations omitted)(emphasis in original).

> The FCCPA generally prohibits debt collection agencies and corporations from claiming, attempting, or threatening to enforce a debt where such person knows the right does not exist. Fla. Stat. § 559.72; Cook v. Blazer Fin. Servs., Inc., 332 So. 2d 677, 679 (Fla. 1st DCA 1976). To show a violation of section 559.72(9), "it must be shown that a legal right that did not exist was asserted and that the person had actual knowledge that the right did not exist." Read v. MFP, Inc., 85 So. 3d 1151, 1155 (Fla. 2d DCA 2012) (quoting Pollock v. Bay Area Credit Serv., LLC, 2009 WL 2475167, at *9 (S.D. Fla. Aug. 13, 2009)).

2

> Under Florida law, "the use of the word 'knows' requires actual knowledge of the impropriety or overreach of a claim." Reese v. JPMorgan Chase & Co., 686 F. Supp. 2d 1291, 1312 (S.D. Fla. 2009). "The statute does not provide for recovery if the creditor merely should have known the debt was not legitimate." Schauer v. Morse Operations, Inc., 5 So.3d 2, 6 (Fla. 4th DCA 2009).

Cornette v. I.C. Sys., Inc., 280 F. Supp. 3d 1362, 1371 (S.D. Fla. 2017).

As relevant here, the Amended Complaint alleges:

> 26. In 2018, Towne Properties, on behalf of Marsh Landing, sent correspondence to Mr. Braunstein indicating that he was to correct certain issues with respect to the condition of the Subject Property. *See* **Exhibit "G"** attached hereto. To wit, Mr. Braunstein was to remove a large tree stump from the Subject Property.
>
> . . .
>
> 28. Mr. Braunstein paid for [tree stump removal] himself. Marsh Landing, Towne Properties, and Alliance all had actual knowledge of this fact by virtue of their constant monitoring of the Subject Property.
>
> 29. Towne Properties had additional actual knowledge that Mr. Braunstein paid for this service himself through an e-mail from Mr. Braunstein regarding the issue, which identified the company that performed such service, as well as the dates of such service.
>
> 30. Nevertheless, Marsh Landing, through Towne Properties, sent correspondence to Mr. Braunstein indicating that he owed $2,400.00 to Marsh Landing in connection with labor and services for removal of the tree stump from

3

>     the Subject Property. *See* **Exhibit "H"** attached
>     hereto.

(Doc. #49, ¶¶ 26, 28-30.)  Towne asserts that these allegations are insufficient under the federal pleading standards, and are contradicted by other allegations in the Amended Complaint.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). The Federal Rules of Civil Procedure also set forth special pleading rules as to certain matters. As relevant here, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft

4

v. Iqbal, 556 U.S. 662, 678 (2009). "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

The Court is not persuaded by the three inferences plaintiff asserts from the allegation that Towne monitors the Marsh Landing community on a constant basis. (Doc. #61, p. 3.) However, since knowledge may be pled generally, the allegation that Towne had actual knowledge by virtue of their constant monitoring and through a largely undescribed email is sufficient at this stage of the proceedings.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss (Doc. #56) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___25th___ day of February, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Parties of record

5