UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEVEN BRAUNSTEIN,

      Plaintiff,

v.                                        Case No:  2:19-cv-700-FtM-29MRM

MARSH   LANDING   COMMUNITY
ASSOCIATION AT ESTERO, INC.
and TOWNE PROPERTIES ASSET
MANAGEMENT COMPANY,

      Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion to
Strike Defendant Marsh Landing Community Association at Estero,
Inc.'s Affirmative Defenses (Doc. #59) filed on February 6, 2020.
Defendant Marsh Landing Community Association at Estero, Inc.
filed a Response in Opposition to the Plaintiff's Motion to Strike
Affirmative Defenses (Doc. #69) on March 11, 2020. For the reasons
set forth below, the motion to strike is denied.

**I.**

On January 17, 2020, plaintiff filed an eleven-count First
Amended Verified Complaint and Demand for Jury Trial (Doc. #49)
against Marsh Landing Community Association at Estero, Inc.,
(Marsh Landing) Towne Properties Asset Management Company (Towne),
Alliance CAS, LLC (Alliance), and Florida Community Law Group,
P.L. (FCLG) alleging violations of the Fair Debt Collection

Practices Act (FDCPA) and the Florida Consumer Collection Practices Act (FCCPA). Only Counts I through IV are specific to Marsh Landing, and are all brought under the FCCPA. At issue here are the three Affirmative Defenses (Doc. #58) asserted by Marsh Landing.

## II.

"In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." Wright v. Southland Corp., 187 F.3d 1287, 1303 (11th Cir. 1999). "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

> It must be shown that the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party. . . . Thus, even when technically appropriate and well-founded, [motions to strike] often are not granted in the absence of a showing of prejudice to the moving party.

Harvey v. Lake Buena Vista Resort, LLC, 568 F. Supp. 2d 1354, 1359 (M.D. Fla. 2008), aff'd, 306 F. App'x 471 (11th Cir. 2009) (citation omitted).

This Court has previously stated there are two pleading requirements for an affirmative defense:

> First, the defense, as plead, must contain "some facts establishing a nexus between the elements of an affirmative defense and the allegations in the complaint," so as to provide the plaintiff fair notice of the grounds upon which the defense rests. Daley v. Scott, No: 2:15-cv-269-FtM-29DNF, 2016 WL 3517697, at *3 (M.D. Fla. June 28, 2016).[ ] Boilerplate pleading – that is, merely listing the name of the affirmative defense without providing any supporting facts – is insufficient to satisfy Rule 8(c), because it does not provide notice sufficient to allow the plaintiff to rebut or properly litigate the defense.[ ] Id. (citing Grant v. Preferred Research, Inc., 885 F.2d 795, 797 (11th Cir. 1989); Hassan v. U.S. Postal Serv., 842 F.2d 260, 263 (11th Cir. 1988)). Requiring defendants to allege some facts linking the defense to the plaintiff's claims "streamlines the pleading stage, helps the parties craft more targeted discovery requests, and reduces litigation costs." Id. (citations omitted).
>
> Second, a defendant must avoid pleading shotgun affirmative defenses, viz., "affirmative defenses that address the complaint as a whole, as if each count was like every other count." Byrne v. Nezhat, 261 F.3d 1075, 1129 (11th Cir. 2001), abrogated on other grounds as recognized by, Nurse v. Sheraton Atlanta Hotel, 618 F. App'x 987, 990 (11th Cir. 2015); see also Paylor v. Hartford Fire Ins. Co., 748 F.3d 1117, 1127 (11th Cir. 2014). Rather, each defense must address a specific count or counts in the complaint or clearly indicate that (and aver how) the defense applies to all claims. See Byrne, 261 F.3d at 1129; see also Lee v. Habashy, No. 6:09–cv–671–Orl–28GJK, 2009 WL 3490858, at *4 (M.D. Fla. Oct. 27, 2009). District courts have a sua sponte obligation to identify shotgun affirmative defenses and strike them,

> with leave to replead. See Paylor, 748 F.3d at
> 1127; Morrison v. Executive Aircraft
> Refinishing, Inc., 434 F. Supp. 2d 1314, 1318
> (S.D. Fla. 2005).

PK Studios, Inc. v. R.L.R. Investments, LLC, No. 2:15-CV-389-FTM-99CM, 2016 WL 4529323, at *2 (M.D. Fla. Aug. 30, 2016) (footnotes omitted).

## II.

Plaintiff generally argues that the defenses are "bare bones" and fail to comply with the pleading requirements of Fed. R. Civ. P. 8(a). The Court disagrees. All three are supported by sufficient facts to place plaintiff on notice of the basis for the defenses. One defense references specific paragraphs of the First Amended Verified Complaint, and another gives specific dates where appropriate. The motion to strike will be denied on this basis. The more specific arguments are addressed below.

### A. First Affirmative Defense: Set Off

The first defense asserts that if plaintiff establishes a violation of the FCCPA, defendant would be entitled to set-off the amount plaintiff owes to defendant for other debts. The defense is set forth as follows:

> The Defendant affirmatively alleges that to
> the extent the Plaintiff establishes a
> violation of the FCCPA, it is entitled to set-
> off of any and all amounts owed by the
> Plaintiff to the Defendant for failure to pay
> quarterly assessments, special assessments,
> interest, late fees, and attorney's fees and
> costs allowable by Florida law pursuant to

> sections 720.308 and 720.3085, Florida Statutes and the Defendant's governing documents.

(Doc. #58, p. 9.) Plaintiff argues that such a set-off of damages has consistently been rejected by courts because it defeats the purpose behind the consumer protection statutes. Defendant responds that the defense is asserted in order to avoid waiver arguments in a pending collections lawsuit against plaintiff in state court.

Plaintiff's argument that a set-off defense is "contrary to the law" is overstated. Brook v. Chase Bank USA, N.A., 566 F. App'x 787, 790 (11th Cir. 2014) held that the bankruptcy court did not abuse its discretion when it declined to set off statutory damages and attorney's fees awarded under the FCCPA against a pre-petition debt discharged in bankruptcy. The implication is that the Court had the discretion to allow a set off. "The Eleventh Circuit has not reached the specific question of whether set off is a proper affirmative defense in FDCPA and FCCPA cases." Whelpley v. Comenity Bank, No. 2:18-CV-433-FTM99MRM, 2018 WL 3629246, at *3 (M.D. Fla. July 31, 2018). The motion will be denied as to the first defense.

**B. Second Affirmative Defense: Statute of Limitations**

The second defense alleges that plaintiff's claim, or parts of the claim, are barred by the applicable statute of limitations. More specifically, defendant states:

The Defendant affirmatively alleges that the Plaintiff's claim, or parts thereof, are barred by the expiration of the statute of limitations period. The Plaintiff alleges in Paragraphs 17 and 18, that the Defendant charged the Plaintiff $37.53 for prorated first quarter dues of the first quarter of 2013. Upon information and belief, it appears the Plaintiff disputes the debt accrued due to the proration of first quarter dues in 2013. Therefore, the time period in which Plaintiff became aware of any potential dispute as to amounts owed would effectively "start the clock" on Plaintiff's ability to bring this cause of action. Upon information and belief, Plaintiff had been put on notice of amounts owed since as far back as 2013. In the event Plaintiff had notice as far back as 2013 of an inaccuracy of the amount alleged to be owed, the Plaintiff would be barred from pursuing any alleged damages resulting from the alleged actions of the Defendant occurring before 2017.

(Doc. #58, p. 9.)  Paragraphs 17 and 18 of the First Amended

Verified Complaint state:

> 17.   Because  Mr.  Braunstein  filed  his bankruptcy case on March 22, 2013, and Marsh Landing  charged  association  dues  on  a quarterly basis, Mr. Braunstein was allegedly responsible for paying pro-rated dues for the first quarter of 2013, representing the amount of dues incurred between March 22, 2013 and the end of the first quarter.

> 18. Accordingly, Marsh Landing charged Mr. Braunstein a sum total of $37.53 for the prorated first quarter dues post-petition. *However, no Defendant informed Mr. Braunstein or his bankruptcy counsel of this minor pro-rated charge.*

(Doc. #49, p. 4) (emphasis in original).

Plaintiff argues that his claims are based on the fact that he did not have notice that the assessments were due, and therefore the defense that potential notice started the clock simply contradicts the facts as pled, and operates as a mere denial and not an affirmative defense. But the defense is qualified by language stating "In the event Plaintiff had notice". If plaintiff proves he did not have notice, no bar on damages would apply.

Plaintiff also argues that the statute of limitations defense is irrelevant and immaterial because the allegations against defendant all arise out of specific conduct in 2018. However, the "alleged default" paragraphs for dues discuss facts from 2013, and the defense directly cites to those paragraphs. The Court finds no basis to strike the defense.

**C. Third Affirmative Defense: Bona Fide Error**

The third defense asserts that any violation of the FCCPA that may be established was not intentional and resulted from a bona fide error despite maintenance of reasonable procedures. The defense states in full:

> The Defendant affirmatively alleges that to the extent the Plaintiff establishes a violation of the FCCPA, such violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonable adapted to avoid any such error. The Defendant further alleges that it has systems and procedures in place to verify the veracity of the amounts owed by the

> Plaintiff, to wit, the accounting for the
> Defendant was handled by an independent
> accountant prior to 2016 and the accounting
> for the Defendant was handled by its property
> management company, Towne Properties from 2016
> – June 2019. Payments are made directly to the
> accounting firm or the property management
> company respectively. The Defendant further
> asserts that while it provided Mr.
> Braunstein's account for collections to
> Alliance, Alliance did not provide updates to
> the Defendant on its collection efforts and
> additionally, did not advise the Defendant of
> the charges it was adding to the Plaintiff's
> account, nor of appearance of counsel on
> behalf of the Plaintiff in the State Court
> Lawsuit.

(Doc. #58, p. 10.) Plaintiff argues that the "explanation"
offered does not reflect any actions Marsh Landing took, only that
it relied on third parties to verify the amounts owed, and is
insufficient to show a bona fide error.

Under the FCCPA, "[a] person may not be held liable in any
action brought under this section if the person shows by a
preponderance of the evidence that the violation was not
intentional and resulted from a bona fide error, notwithstanding
the maintenance of procedures reasonably adapted to avoid such
error." Fla. Stat. § 559.77(3). The Florida statute is similar
to, but more expansive than, the the FDCPA, which is limited to
debt collectors. 15 U.S.C. § 1692k(c). However, "due
consideration and great weight" is given to "federal courts
relating to the federal Fair Debt Collection Practices Act." Fla.
Stat. § 559.77(5).

The "bona fide error defense" does not encompass a mistake of law or misinterpretations of the requirements of the statute. Prescott v. Seterus, Inc., 635 F. App'x 640, 646 (11th Cir. 2015) (citing Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 581, 587 (2010)).  Rather, the defense is "designed to avoid errors like clerical or factual mistakes." Owen v. I.C. Sys., Inc., 629 F.3d 1263, 1272 (11th Cir. 2011) (quoting Jerman, at 586).  The Court finds that the defense sufficiently pleads a bona fide error despite established procedures.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion to Strike Defendant Marsh Landing Community Association at Estero, Inc.'s Affirmative Defenses (Doc. #59) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___26th___ day of March, 2020.

_____

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record